Filed
D.C. Superior Court
10/02/2018 10:18AM
Clerk of the Court

## THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### Civil Division

| | |
|---|---|
| MS. SANDRA MCCLELLAN<br>7601 Eagle Ridge Circle<br>Fort Worth, TX 76179<br>　Plaintiff,<br><br>Versus<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION, a corporation,<br>900 2nd Street NE<br>Washington, DC 20002,<br>　Defendant. | CIVIL ACTION NO. 2018 CA 007114 B |

## COMPLAINT

### NATURE OF THE ACTION

1.　This action is brought pursuant to common law general negligence.

### JURISDICTION AND VENUE

2.　This Court has jurisdiction and venue of this matter pursuant to D.C. Code §11-921, §13-421 and 423.

### THE PARTIES

3.　Plaintiff Sandra McClellan is a resident of Fort Worth, Texas.

4.　Defendant National Railroad Passenger Corporation (hereinafter referred to as "Amtrak") is a corporation and rail carrier pursuant to 49 U.S.C. §§24301 and 10102, and is qualified to do and doing business in the District of Columbia. Amtrak's principal office and place of business is in the District of Columbia.

### THE CLAIMS

5.　On or about December 25, 2017, Plaintiff Sandra McClellan and her husband Gary

1


EXHIBIT B

McClellan boarded Amtrak Train No. 5, the "California Zephyr," as ticketed passengers, traveling from Denver, Colorado to San Francisco, California. Plaintiff and her husband booked a sleeper suite, which was located in the rearmost car of the train.

6. Upon information and belief, in the early morning hours of December 26, 2017, there was an electrical fire between the rear locomotive and baggage car, at the front of the train. The Amtrak crew uncoupled the rear locomotive and baggage car and moved them into a siding, before pulling the train forward and then recoupling the damaged cars onto the rear of the train.

7. Plaintiff was asleep and lying on her side in the top bunk of her sleeper suite when the locomotive and baggage car were recoupled to the rear train. The coupling was extremely hard and caused a tremendous jolt to the train, especially the rear car where the Plaintiff and her husband were sleeping; the train suddenly, violently, and unexpectedly made an extraordinarily awkward and unusual jerking movement in response to the coupling of the cars. Plaintiff had no warning the impact would occur, and was thrown violently forward in her bunk, with only the bunk's mesh netting stopping her from falling completely out of the bed.

8. As a result of the incident, Plaintiff has suffered severe injuries to her hip, back and neck, *inter alia*, for which she has undergone substantial medical evaluation and treatment including multiple injections, radiofrequency ablation, and cervical fusion surgery.

9. Plaintiff's accident, injuries, and related damages as herein-described resulted from breaches of the duties owed by Defendant to Plaintiff under general common law, by way of the following non-exclusive list of particulars, to wit:

   a. In that Defendant Amtrak failed to warn Plaintiff of the violent impact that would occur in dangerously close proximity to her berth, despite the fact that it knew the impact was imminent;

    b. In that Defendant Amtrak failed to operate its train so as to avoid causing extraordinarily rough jolts to the passenger cars;

    c. In that Defendant Amtrak failed to promulgate and/or implement reasonable policies and procedures so as to prevent the impact of the recoupling of the train from causing foreseeable injuries, including Plaintiff's;

    d. In that Defendant Amtrak failed to make a "safety stop" prior to coupling into the damages locomotive and baggage car;

    e. In that Defendant Amtrak failed to comply with governmental and/or other applicable safety regulations and/or guidelines for the care of its passengers;

    f. In that Defendant Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances; and

    g. Any and all other acts and/or omissions of negligence that will be shown at the trial of this matter.

10. The aforelisted acts of negligence were committed by employees, agents, and/or representatives of Defendant Amtrak, while acting in the course and scope of their employment, thereby rendering Defendant Amtrak vicariously liable under the theory of *respondeat superior*.

11. Additionally, Defendant Amtrak breached the heightened duty of care it owed to Plaintiff, its passenger, as a common carrier.

**DAMAGES**

12. As a result of the aforesaid events, Plaintiff sustained serious and permanent physical injuries, and has suffered, and will continue to suffer in the future great physical pain and mental/psychological anguish. Plaintiff has incurred, and will in the future, incur substantial expenses for medical and related treatment.

3

13. Plaintiff Sandra McClellan demands full recovery for all sums reasonable in the premises for the following items:

    a. Physical pain, and suffering and disability, past and future;

    b. Mental/psychological anguish, past and future;

    c. Medical expenses, past and future;

    d. Loss of earning capacity, past and present;

    e. Scarring; and

    f. Loss of enjoyment of life.

**WHEREFORE**, Plaintiff Sandra McClellan demands judgment against Defendant National Railroad Passenger Corporation in the amount of Two Million Dollars ($2,000,000.00), plus costs and interest from the date of judgment until paid, and for such other and further relief as this Court deems just and proper.

Respectfully submitted,
**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

/s/ C. Perrin Rome, III
C. PERRIN ROME III, D.C. Bar No. 495062
Blake G. Arata
Jason MacFetters
650 Poydras Street, Suite 2017
New Orleans, Louisiana 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971
Email: prome@romearata.com

*AND*

**THE WEISBAUM LAW FIRM, LLC**

/s/ Steven M. Weisbaum
STEVEN M. WEISBAUM, Bar No. 436653
51 Monroe Place, Suite 1901
Rockville, MD 20850-2406
Telephone: (301) 279-0977

Facsimile: (301) 340-7956
*Attorneys for Plaintiff, Sandra McClellan*

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by a jury.

/s/ Steven M. Weisbaum
**STEVEN M. WEISBAUM (Bar No. 436653)**

### PLEASE SERVE

**NATIONAL RAILROAD PASSENGER CORPORATION**
through its registered agent for svc.
Eleanor D. Acheson, Esq.
Vice-President, General Counsel
60 Massachusetts Ave., NE
Washington, D.C. 20001



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

SANDRA McCLELLAN
_____
Plaintiff

vs.                                    Case Number: **2018 CA 007114 B**

NATIONAL RAILROAD PASSENGER CORPORATION
Serve: Eleanor D. Acheson, Esquire
1 Massachusetts Ave., NW                Defendant
Washington, DC 20001

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

Steven M. Weisbaum, Esquire
Name of Plaintiff's Attorney
The Weisbaum Law Firm, LLC
51 Monroe Pl., Suite 1901
Address
Rockville, MD 20850
301-279-0977
Telephone

Clerk of the Court

By _____

Date __**10/11/2018**__

**IMPORTANT:** IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME_.

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                          CASUM.doc



## TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA
### DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono (202) 879-1133

_____ Demandante

contra                                              Número de Caso: _____

_____ Demandado

### CITATORIO

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le requiere entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le requiere presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

SECRETARIO DEL TRIBUNAL

Nombre del abogado del Demandante

Por: _____
        Subsecretario

Dirección

Fecha

Teléfono

Puede obtenerse copias de este formulario en español     Copies of this form in English are available
al Tribunal Superior (202) 879-4828                     at the Superior Court (202) 879-4828

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBREN LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde pueda pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION - CIVIL ACTIONS BRANCH
INFORMATION SHEET

SANDRA McCLELLAN                              Case Number: **2018 CA 007114 B**

                                              Date: **October 7, 2018**

NATIONAL RAILROAD PASSENGER
CORP.                                         ☐ One of the defendants is being sued
                                              in their official capacity.

| Name: (Please Print) Steven M. Weisbaum | Relationship to Lawsuit |
|---|---|
| Firm Name: The Weisbaum Law Firm, LLC | ☒ Attorney for Plaintiff |
| Telephone No.: 301-279-0927  Six digit Unified Bar No.: 436653 | ☐ Self (Pro Se) ☐ Other: |

TYPE OF CASE: ☐ Non-Jury   ☐ 6 Person Jury   ☒ 12 Person Jury
Demand: $ 2,000,000                              Other:

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____  Judge: _____  Calendar #: _____
Case No.: _____  Judge: _____  Calendar #: _____

**NATURE OF SUIT:** (Check One Box Only)

**A. CONTRACTS**                                    **COLLECTION CASES**

☐ 01 Breach of Contract                ☐ 14 Under $25,000 Pltf. Grants Consent  ☐ 16 Under $25,000 Consent Denied
☐ 02 Breach of Warranty                ☐ 17 OVER $25,000 Pltf. Grants Consent   ☐ 18 OVER $25,000 Consent Denied
☐ 06 Negotiable Instrument             ☐ 27 Insurance/Subrogation                ☐ 26 Insurance/Subrogation
☐ 07 Personal Property                   Over $25,000 Pltf. Grants Consent         Over $25,000 Consent Denied
☐ 13 Employment Discrimination         ☐ 07 Insurance/Subrogation                ☐ 34 Insurance/Subrogation
☐ 15 Special Education Fees              Under $25,000 Pltf. Grants Consent         Under $25,000 Consent Denied
                                       ☐ 28 Motion to Confirm Arbitration
                                          Award (Collection Cases Only)

**B. PROPERTY TORTS**

☐ 01 Automobile                ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion                ☐ 04 Property Damage
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process              ☐ 10 Invasion of Privacy              ☒ 17 Personal Injury- (Not Automobile,
☐ 02 Alienation of Affection       ☐ 11 Libel and Slander                     Not Malpractice)
☐ 03 Assault and Battery           ☐ 12 Malicious Interference          ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 13 Malicious Prosecution           ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)    ☐ 14 Malpractice Legal               ☐ 20 Friendly Suit
☐ 06 False Accusation              ☐ 15 Malpractice Medical (Including Wrongful Death) ☐ 21 Asbestos
☐ 07 False Arrest                  ☐ 16 Negligence- (Not Automobile,    ☐ 22 Toxic/Mass Torts
☐ 08 Fraud                              Not Malpractice)                ☐ 23 Tobacco
                                                                        ☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/June 2015

## Information Sheet, Continued

**C. OTHERS**
- [ ] 03 Accounting
- [ ] 08 Enforce Judgment
- [ ] 09 Garnishment
- [ ] 09 Special Writ/Warrants (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment
- [ ] 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

**II.**
- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)
- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as Judgment [D.C. Code § 2-1802.03 (h) or 32-151.9 (d)]
- [ ] 20 Master Meter (D.C. Code § 42-3301, et seq.)
- [ ] 21 Petition for Subpoena [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1) (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

**D. REAL PROPERTY**
- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)
- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____  October 7, 2018
Attorney's Signature                    Date

CV-496/ June 2015



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**
Civil Actions Branch
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Telephone: (202) 879-1133 • Website: www.dccourts.gov

SANDRA MCCLELLAN
Vs.
NATIONAL RAILROAD PASSENGER CORPORATION

C.A. No. 2018 CA 007114 B

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the summons, the complaint, and this Initial Order and Addendum. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in Super. Ct. Civ. R. 4(m).

(3) Within 21 days of service as described above, except as otherwise noted in Super. Ct. Civ. R. 12, each defendant must respond to the complaint by filing an answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in Super. Ct. Civ. R. 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial scheduling and settlement conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than seven business days before the scheduling conference date.
No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Robert E. Morin

Case Assigned to: Judge HIRAM E PUIG-LUGO
Date: October 11, 2018
Initial Conference: 9:30 am, Friday, January 18, 2019
Location: Courtroom 317
500 Indiana Avenue N.W.
WASHINGTON, DC 20001

CAIO-60

## ADDENDUM TO INITIAL ORDER AFFECTING ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. D.C. Code § 16-2825 Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Actions Branch. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Robert E. Morin